

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2007

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5541

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Li v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1103.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1103

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 05-5541
_____

RONG LI,

Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A95-362-969)
Immigration Judge Donald V. Ferlise
_____

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2007

Before:  RENDELL, JORDAN and ALDISERT, *Circuit Judges*

(Filed: May 16, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Rong Li, a citizen and native of the People's Republic of China, petitions for

review of the December 9, 2005 decision of the Board of Immigration Appeals (BIA)

denying his motion to reopen proceedings on his application for asylum, for withholding of removal, and for relief under Convention Against Torture (CAT). Because we conclude that the BIA abused its discretion in denying that motion, we will grant Li's petition for review and remand for further proceedings.

I.

Li entered the United States at an unknown time and at an unknown place.[1] He claims that he fled China to escape persecution. According to Li, he married his wife on May 14, 1998, and they had a son on May 28, 1999. He further testified that, on June 30, 1999, Chinese Family Planning officials came to his home to force his wife to have an intrauterine device ("IUD") implanted. Li says he asked the officials to postpone the implantation, and they agreed. In August of 1999, his wife became pregnant. Li testified that next, on November 11, 1999, several Family Planning officials forcibly took his wife from his home to implant the IUD. Li was not at home when this occurred. Li claims that, when the officials discovered that she was pregnant, they forced her to undergo an abortion and, afterwards, have an IUD inserted. Li also claims that the IUD fell out of his wife's body and his wife became pregnant again in April of 2000. Consequently, his wife went into hiding to avoid another forced abortion. Li testified that the Family Planning officials later came to his house to perform an IUD checkup on his wife on three

---

[1] Li claims that he entered the United States on or about January 1, 2001, but the Immigration Judge held that Li did not establish that he entered the United States at that time. The BIA affirmed and adopted the Immigration Judge's determination.

2

consecutive days. According to Li, when she was not present on the third day, the officials took him into custody, beat him, and demanded that he tell them where his wife was hiding. They released him after he promised that he would bring her to them in two days. Li then went into hiding with his wife.

Li claims that after he went into hiding, the Family Planning officials told his father that if Li's wife did not return and report to their office, they would incarcerate her. At that point, Li alleges that he and his relatives made plans for him to come to the United States. He claims that his wife did not accompany him because she was pregnant. When asked by the Immigration Judge why he escaped to the United States instead of his wife, Li responded that he believed he was facing jail time since his wife had undergone a previous abortion. Li claims that the Family Planning officials later found his wife, forced her to undergo an abortion, and fined them 10,000 RMB. He further claims that his wife received a notification from the government that he needed to report for sterilization.

The Immigration Judge determined that Li was not eligible for asylum because he did not sustain his burden of showing that he submitted his application within a year of his arrival into the United States. The Immigration Judge also denied his application for withholding of removal and relief under CAT, finding that Li was "totally incredible" because of a number of unexplained inconsistencies in his testimony and because he exhibited a demeanor of one not telling the truth. On appeal, the BIA adopted and affirmed the decision of the Immigration Judge. Li subsequently filed a timely motion to

3

reopen the proceedings, claiming he had previously unavailable evidence that demonstrated "new and changed circumstances." The evidence is a purported affidavit from Li's wife, asserting that the Chinese government recently initiated a family-planning campaign in their area. According to that document, the Chinese government singled out Li's family during the campaign as an example of violating the government's family-planning policies. The document further states that government officials pressed Li's wife to hand over her husband for sterilization or they would force her to undergo sterilization despite her weak health condition. As a result, Li's wife decided to return into hiding.

The BIA denied Li's motion to reopen the proceedings. It stated that Li had already alleged in his previous petition that the Chinese government wanted to sterilize him and that he had not "presented new and previously unavailable evidence that would warrant a reopening of his case and a remand for a new hearing." The BIA also stated that, if Li's allegations were true, it seemed that "he prefers to have his case reopened for a new hearing rather than return to China to prevent the sterilization of his wife, who he claims cannot tolerate a sterilization operation due to poor health." Li now asserts that the BIA abused its discretion when it denied his motion to reopen the proceedings because the affidavit is new evidence of changed circumstances in his village. The BIA had jurisdiction over Li's motion to reopen under 8 C.F.R. § 1003.2(c). We have jurisdiction to review final orders of the BIA under 8 U.S.C. § 1252(a).

II.

4

We review the denial of a motion to reopen for abuse of discretion. *INS v. Abudu*, 485 U.S. 94, 105 (1988); *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). The BIA's decision "will not be disturbed unless [it] is found to be arbitrary, irrational, or contrary to law." *Guo*, 386 F.3d at 562.

Under 8 C.F.R § 1003.2(c)(1), the BIA has discretion to reopen proceedings if the movant states new facts to be proved at a hearing that are supported by affidavits or other evidentiary material. That new evidence must be material and have been unavailable at the former hearing. *Id.* There are three principal grounds to deny a motion to reopen immigration proceedings: first, where the movant has not established a prima facie case for relief sought; second, where the movant has failed to introduce previously unavailable, material evidence that justifies reopening; and third, where the ultimate grant of relief is discretionary, the Board can determine that, even if the first two criteria are met, the movant would still not be entitled to a discretionary grant of relief. *Sevoian v. Ashcroft*, 290 F.3d 166, 169-70 (3d Cir. 2002) (citing *INS v. Abudu*, 485 U.S. 94, 105 (1988)).

The BIA denied Li's motion to reopen because the affidavit from Li's wife "simply alleges that the government wants to sterilize the respondent, a claim that has already been made." Denying a motion to reopen solely because a movant submits evidence that relates to a claim he has already made is not an appropriate exercise of discretion. Rather, when considering a motion to reopen in the context of withholding of removal, the BIA must determine whether the proffered evidence was previously unavailable, whether it is

5

material, or whether it fails to establish a prima facie case for relief. *Sevoian*, 290 F.3d at 170.

The BIA stated that it was denying the motion because Li had not, "in [its] view, presented new and previously unavailable evidence that would warrant a reopening of his case and a remand for a new hearing." However, the BIA did not explain why the affidavit was not new and previously unavailable. The letter contained evidence regarding a new event, namely a recently initiated family-planning campaign in his area, along with the Chinese government's pressure on his wife to turn him in for sterilization. He also claims that the evidence was previously unavailable, because the campaign took place after his proceedings before the IJ and the BIA. Moreover, if the affidavit is what it purports to be and is credible,[2] Li would have a prima facie case for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A) ("[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."); 8 U.S.C. § 1101(a)(42) ("[A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will

---

[2] We neither state nor imply any opinion with respect to such evidentiary considerations.

6

be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.").

Although the BIA's conclusion ultimately might be correct, it must explain why it determined that the affidavit was not new and previously unavailable evidence, or it must provide alternative legal grounds for denying Li's motion. *See Awolesi v. Ashcroft*, 341 F.3d 227, 232-33 (3d Cir. 2003) (setting aside the BIA's final decision and remanding for further proceedings when the BIA failed to provide an explanation as to why it concluded that the evidence was insufficient to establish persecution); *Sotto v. INS*, 748 F.2d 832, 836 (3d Cir. 1984) (finding that the BIA abused its discretion when it did not articulate its reasons for discrediting an affidavit in support of the applicant when that affidavit on its face constituted substantial evidence). Having not done so before denying the motion to reopen, the BIA abused its discretion. *See Bhasin v. Gonzles*, 423 F.3d 977, 987 (9th Cir. 2005) (concluding that the BIA abused its discretion in refusing to reopen proceedings where the movant presented new evidence that if proved would have established prima facie eligibility for relief); *cf. Guo v. Ashcroft*, 386 F.3d 556, 562-66 (3d Cir. 2004) (concluding that the BIA abused its discretion when it denied the movant's motion to reopen after she had presented new facts that established a prima facie case for relief because the BIA impermissibly relied on a prior unrelated adverse credibility determination when denying that motion).

III.

7

Accordingly, we will grant Li's petition for review, vacate the BIA's December 9, 2005 decision denying Li's motion to reopen, and remand the case to the BIA for further proceedings consistent with this opinion.